# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ALEXI SANTIO DELMORAL, | : | CIVIL ACTION NO. 3:18-cv-0018 |
|---|---|---|
| Petitioner | : | (Judge Munley) |
| v. | : | |
| MARK GARMAN, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| Respondent | : | |

## MEMORANDUM

On January 3, 2018, Petitioner Alexi Santio Delmoral ("Delmoral"), a state inmate, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Pennsylvania convictions for aggravated assault, reckless endangerment, and two counts of persons not to possess firearms. (Doc. 1, p. 1). On February 21, 2018, an Order issued directing Respondent to submit a memorandum concerning the timeliness of the petition and file pertinent state court documents. (Doc. 3). Respondent complied with the Order on March 15, 2018. (Doc. 7). Delmoral sought, and was granted, additional time to file a reply. (Docs. 10, 13). He did so on October 18, 2018. (Doc. 14). The issue of the timeliness of the petition is ripe for disposition. The Court concludes that the petition is timely filed.

I. **Background**

On June 22, 2011, a jury convicted Delmoral of aggravated assault, reckless endangerment, and two counts of persons not to possess firearms, in Court of Common

Pleas of Dauphin County Criminal cases 1140-2011 and 1141-2011. (Doc. 1, p. 1). The trial court imposed a sentence of fourteen to twenty-eight years' imprisonment on June 22, 2011. Commonwealth v. Delmoral, No. 2140 MDA 2013, 2014 WL 10557974, at *1 (Pa. Super. Ct. Dec. 29, 2014)).

Delmoral filed a direct appeal. The Superior Court of Pennsylvania affirmed the judgment of sentence on June 8, 2012. Commonwealth v. Delmoral, 1500 MDA 2011, 53 A.3d 926 (Pa. Super. filed June 8, 2012) (unpublished memorandum). He did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. Delmoral, 2014 WL 10557974, at *1.

On September 14, 2012, Delmoral filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA.C.S. §§ 9541–9546. "Counsel was appointed and filed an amended PCRA petition on November 16, 2012, seeking reinstatement of [Delmoral's] direct appeal rights. By order dated December 4, 2012, the PCRA court reinstated [Delmoral's] right to file a petition for allowance of appeal, *nunc pro tunc*. [He] filed a petition for allowance of appeal on January 2, 2013, and on May 14, 2013, the Pennsylvania Supreme Court denied [his] petition for allowance of appeal." Commonwealth v. Delmoral, 67 A.3d 793 (Pa. 2013)." Delmoral, 2014 WL 10557974, at *1.

He filed another PCRA petition on September 19, 2013. "[W]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." Commonwealth v. Turner, 73 A.3d 1283, 1286 (Pa.Super. 2013). *See also*

Commonwealth v. Fowler, 930 A.2d 586, 591 (Pa. Super.2007) (quoting Commonwealth v. O'Bidos, 849 A.2d 243, 252 n. 3 (Pa.Super. 2004)) ("It is now well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition, and the one year time clock will not begin to run until this appeal *nunc pro tunc* renders his judgment of sentence final.")." Delmoral, 2014 WL 10557974, at *2. The PCRA court dismissed the petition. On December 29, 2014, the Superior Court vacated the dismissal. Id. The PCRA court held a hearing on November 5, 2015, and, on May 31, 2016, the court dismissed the petition. On January 27, 2017, the Superior Court affirmed the denial of the PCRA petition. Commonwealth v. Delmoral, No. 969 MDA 2016, 2017 WL 384750 (Pa. Super. Ct. Jan. 27, 2017). Delmoral did not pursue relief in the Pennsylvania Supreme Court.

On January 3, 2018, he filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Delmoral's direct appeal proceedings concluded on May 14, 2013, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. Accordingly, his judgment of sentence became final on August 12, 2013, ninety days after the Pennsylvania Supreme Court denied allocatur and the time expired for him to file an appeal with the United States Supreme Court. The statute of limitations period commenced running as of that date and expired one year later. Hence, the present petition is patently untimely.

Our analysis does not end here. We must consider whether Delmoral successfully tolled the statue of limitations.

4

A.  Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).

Delmoral successfully tolled the statute of limitations on September 19, 2013, when he filed a timely PCRA. At that point, approximately 38 days of the one year limitations period had elapsed. On January 27, 2017, the Superior Court affirmed the denial of the PCRA petition. His PCRA petition statutorily tolled the limitations period until February 26, 2017, the last date by which he timely could have appealed the denial of his PCRA petition to the Pennsylvania Supreme Court. See Swartz, 204 F.3d at 424. Delmoral was required to file his petition in federal court within 327 days of the conclusion of the PCRA proceedings. He filed his petition on January 3, 2018, 311 days after the conclusion of the PCRA proceedings. His petition is therefore timely.

B. <u>Equitable Tolling</u>

Because Delmoral successfully statutorily tolled the statute of limitations, there is no need to engage in an equitable tolling analysis.

**III. Conclusion**

Based on the foregoing, Delmoral's petition is deemed timely filed. An appropriate Order will issue.

**BY THE COURT:**

<u>s/James M. Munley</u>
**JUDGE JAMES M. MUNLEY
United States District Court**

November 28, 2018